PEOPLE v. PULLINS

EVIDENCE—ADMISSIBILITY—TAPE RECORDING—CRIMINAL LAW.
Admission in evidence of a tape-recorded statement given by
defendant to police shortly after his arrest was not error
where defense counsel consented to the introduction of the
evidence and where the voluntariness of the statement is not
questioned.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 December 14, 1970, at Detroit.
(Docket No. 9182.)  Decided January 29, 1971.

Horace Pullins was convicted of armed robbery.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James J. Rostash,*
Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and
HOFF,* JJ.

PER CURIAM.  The defendant was tried and con-
victed by a jury in Monroe County Circuit Court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 534.
Admissibility of sound recordings in evidence.  58 ALR2d 1024.

of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). Upon conviction, defendant was sentenced for a period of from 10 to 40 years imprisonment.

On appeal, defendant contends that the trial court erred by admitting into evidence the tape-recorded statement given by the defendant to the police shortly after the defendant's arrest. The recording contained certain admissions by the defendant. At trial, defendant claimed that the recorded admissions were not true. A review of the record reveals that defense counsel not only failed to object to the introduction of the evidence, but in fact consented. The voluntariness of defendant's statement is not, and from a review of the record could not be, questioned on appeal. No error was committed.

Defendant contends that the trial court committed error by admitting into evidence the revolver used in the armed robbery. No objection was made at the proceedings below. It is defendant's position on appeal that the revolver was admitted solely for the purpose of inflaming the minds of the jurors. Defendant's contention is manifestly frivolous. The revolver, purportedly used by the defendant in the armed robbery, is relevant and legally admissible.

Finally, defendant asserts that the evidence was insufficient to support the jury's verdict. We disagree. The testimony of witnesses, as well as admissions made by the defendant as evidenced by the recorded statement, were sufficient to support the guilty verdict.

Judgment affirmed.